## FENNELL v JOHN J. NESBITT, INC

Docket No. 89167. Submitted June 11, 1986, at Lansing. Decided
September 9, 1986.

Plaintiffs, John G. Fennell, other faculty members of East Jackson Middle School, and their respective spouses, filed separate suits in the Jackson Circuit Court against John J. Nesbitt, Inc., Manyam & Associates, Inc., and other defendants who were involved in the construction of the middle school building. Plaintiffs alleged that the faulty design and construction of the school's heating-ventilation-air conditioning system (HVAC system) by defendant Manyam, a professional engineering firm licensed by the state, created harmful atmospheric conditions within the school. Plaintiffs claimed that continuous exposure to these conditions over time caused them to suffer respiratory problems, sensory loss, insomnia, damage to the nervous system, and impairment of physical strength. Plaintiffs averred that defendant Manyam breached express and implied warranties and negligently designed and constructed the HVAC system. Plaintiffs' suits were consolidated for trial and defendant Manyam thereafter moved for accelerated judgment arguing that the applicable statutory period of limitations had expired on plaintiffs' actions. The trial court, Russell E. Noble, J., granted defendant Manyam's motion. Plaintiffs appealed.

The Court of Appeals *held:*

1. The six-year statutory period of limitations as applied to plaintiffs does not deny them due process of law. The Legislature can constitutionally extinguish the right to recover damages from state-licensed architects or professional engineers for alleged negligence in the design and supervision of construction of improvements to real property after six years has elapsed from the time of initial occupancy, use or acceptance of the completed improvement.

2. Plaintiffs' claim that the statute of limitations violates the

REFERENCES

Am Jur 2d, Limitation of Actions §§ 27-30, 102-106.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

constitutional prohibition against special legislation was first raised on appeal. The Court of Appeals therefore declined to consider the claim.

3. Plaintiffs' claim that the HVAC system was not an improvement to real property but was instead a product which defendant Manyam placed in the marketplace and, for that reason, plaintiffs' actions should be controlled by the three-year "discovery" statutory period of limitations for products liability actions was found to be without merit by the Court of Appeals.

Affirmed.

1. LIMITATION OF ACTIONS — CONSTITUTIONAL LAW.

The Legislature's constitutional power to change the common law permits it to provide that a particular cause of action can no longer arise unless it accrues within a specified time.

2. LIMITATION OF ACTIONS — NEGLIGENCE — ARCHITECTS — ENGINEERS.

An action against a state-licensed architect or professional engineer to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death arising from the alleged ordinary negligence of such defendants in the design and supervision of construction of improvements to real property must be filed within six years from the date of initial occupancy, use or acceptance of the completed improvement. (MCL 600.5839; MSA 27A.5839).

*Philo, Atkinson, Steinberg, White, Vigliotti & Keenan* (by *Linda Miller Atkinson* and *Susan G. Wright*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *William D. Booth* and *Christine D. Oldani*), for Manyam & Associates, Inc.

Before: BEASLEY, P.J., and D. F. WALSH and HOOD, JJ.

PER CURIAM. Plaintiffs, who are faculty members of East Jackson Middle School, and their spouses, appeal as of right from an order granting accelerated judgment in favor of Manyam & Associates, Inc. (hereafter defendant) on the basis that

the statute of limitations applicable to state-licensed architects and engineers, 1967 PA 203, MCL 600.5839; MSA 27A.5839, barred suit against the defendant. Our review persuades us that the decision of the trial court was correct and we affirm.

Between April 22, 1982, and September 10, 1982, the plaintiffs filed separate actions against defendant Manyam and others for physical injuries allegedly caused by the defective design, installation, operation, and maintenance of the school's heating-ventilation-air conditioning system (HVAC system). Subsequently, these suits were consolidated for trial. The defendant, a professional engineering firm licensed by the State of Michigan, designed the HVAC system. Construction of the school was completed in 1973 and classes began in September of that year. The defendant performed its last services in connection with the HVAC system sometime before April 30, 1975, the date on which the State Fire Marshal gave final approval to the HVAC system.

The plaintiffs alleged that the faulty design and construction of the HVAC system created harmful atmospheric conditions within the school. Plaintiffs claimed that continuous exposure to these conditions over time caused them to suffer respiratory problems, sensory loss, insomnia, damage to the nervous system, and impairment of physical strength. According to one plaintiff's complaint, which is said to be representative of the remaining complaints, prolonged exposure to the polluted environment caused physical illness and disability by September, 1979. The plaintiffs averred that the defendant breached express and implied warranties and negligently designed and constructed the HVAC system.

At the motion hearing, plaintiffs' attorney related that the plaintiffs discovered the defect in

the HVAC system in early 1981. The trial court originally denied defendant's motion, ruling that defendant failed to show that the system was completed prior to September 10, 1976. After defendant secured affidavits curing this evidentiary problem, the trial court, after rehearing, ruled that the architects' statute barred the suit since the plaintiffs filed their actions in 1982, more than six years after the completion and occupancy of the school. The trial judge also rejected the plaintiffs' claims regarding the unconstitutionality of the statute and the applicability of the statute of limitations set forth in the Uniform Commercial Code and the statute of limitations for general breaches of warranties. On appeal plaintiffs specifically renew their claims that the engineers and architects' statute is unconstitutional and urge that their claim is a product liability action governed by the "discovery" statute of limitations set forth in MCL 600.5805(9); MSA 27A.5805(9).

Plaintiffs contend that the engineers and the architects' statute is unconstitutional as applied to them because it does not afford them a reasonable time in which to bring suit. Plaintiffs assert that they did not recognize the causal connection between their health problems and the HVAC system until after the applicable six-year period. Hence, they urge that the statute deprives them of due process of law.

At the time the instant suits were commenced, the pertinent provisions of MCL 600.5839; MSA 27A.5839 read:[1]

(1) No person may maintain any action to recover damages for any injury to property, real or

---

[1] The Legislature has recently amended the engineers and architects' statute by adding an alternative time limitation for cases involving gross negligence. If an injury is caused by the defendant's gross negligence, the action must be commenced within six years from time of occupancy, use, or acceptance of the improvement, "or one

personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement.

In *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980), the Michigan Supreme Court considered the constitutionality of this provision in the face of a substantially similar due process challenge. In the four cases consolidated for hearing, the plaintiffs in *O'Brien* maintained that the engineers and architects' statute violated their rights of due process because it barred their causes of action before all the necessary elements constituting the cause of action were present. The Supreme Court rejected the plaintiffs' claims and ruled that the Legislature could constitutionally extinguish the right to recover for damages incurred after the six-year period.

However, the plaintiffs in *O'Brien* were all injured by alleged design defects that were discovered after the six-year period elapsed. In dicta, the *O'Brien* Court expressly left open the issue of whether the engineers and architects' statute is consistent with due process where a plaintiff discovers the injury shortly before expiration of the six-year period:

year after the defect is discovered or should have been discovered . . . ." However, no such action shall be maintained more than ten years after the time of occupancy of the completed improvement, use, or acceptance of the improvement. MCL 600.5839; MSA 27A.5839, as amended by 1985 PA 188. This amendment applies only to causes of action accruing on or after March 31, 1986, the effective date of the 1985 amendment. *Id.* Thus, the 1985 amendment is inapplicable to the instant case.

To a plaintiff whose injury occurred and whose right of action thus vested shortly before expiration of the six-year period, the statute arguably might deny due process by failing to "afford a reasonable time within which suit may be brought". *Price v Hopkin,* 13 Mich 318, 324 (1865). However, no case presenting such facts is before us and we intimate no opinion as to the proper resolution of such a case. [410 Mich 15, n 18.]

In this case plaintiffs have asserted that they sustained their injuries during the six-year period, but were unable to discover their causes of action until, after years of exposure, they finally contacted the necessary experts. They assert that the statute, as applied to them, denies them due process by failing to "afford a reasonable time within which suit may be brought." *Price v Hopkin, supra.*

We decline the plaintiffs' invitation to apply the dicta in *O'Brien, supra,* to the instant case. We do not read MCL 600.5839; MSA 27A.5839 as a "discovery" statute of limitations. Rather, we find that its operation is predicated upon the time of occupancy or use or acceptance of the improvement. We are unable to conclude that the commencement of the six-year limitations period is contingent upon a plaintiff's injury or discovery of injury. Thus, the plaintiffs' suggestion that their alleged "continual exposure" is relevant is not helpful.

We reach this conclusion because, as pointed out in *O'Brien,* the wide-reaching power of the Legislature permits it to entirely abrogate a common-law right. As to claims filed more than six years after occupancy, use, or acceptance of the completed improvement, we believe that the intent of the Legislature was that the statute be one of repose—no action can be filed after that period of time has

elapsed. The fact that the Legislature amended the statute in 1985 to expressly provide a "discovery" statute of limitations where gross negligence is pleaded but failed to similarly amend the statute's six-year limitations period for claims such as the instant ones for ordinary negligence buttresses our conclusion that the statute is one of repose. The instant legislation was enacted pursuant to the police power and bears a reasonable relation to the permissible legislative objective of limiting the liability of architects and engineers "in order to relieve them of the potential burden of defending claims brought long after completion of the improvement." *O'Brien, supra,* p 14. Plaintiffs' failure to timely institute suit upon discovery of their causes of action during the six-year period is fatal to their claims.

Plaintiffs also attempt to challenge the constitutionality of the engineers and architects' statute on the basis that it violates the constitutional prohibition against special legislation. Const 1963, art 4, § 29. This argument is raised for the first time on appeal. For this reason, we decline to consider the plaintiffs' argument. *Cliffs Forest Products v Al Disdero Lumber Co,* 144 Mich App 215, 221; 375 NW2d 397 (1985), lv den 424 Mich 896 (1986).

Plaintiffs also submit that the engineers and architects' statute is not applicable to the case at bar because the HVAC system is not an "improvement to real property" within the meaning of the engineers and architects' statute. Plaintiffs assert instead that the HVAC system is a product which the defendant placed in the marketplace and, as such, the plaintiffs' complaints are controlled by the three-year "discovery" statute of limitations in MCL 600.5805(9); MSA 27A.5805(9).

This claim is also without merit. While no Michigan case law has specifically defined the term

"improvement to real property" within the meaning of the engineers and architects' statute, we are persuaded by the rationale of the federal appellate decision in *Adair v The Koppers Co, Inc*, 741 F2d 111 (CA 6, 1984). Considering the Ohio architects' statute, the *Adair* court found that a conveyor system used to transport coal in a factory was an improvement to real property. The court ruled that there was "no question of material fact concerning the nature of the conveyor as an integral component of an essential system, its usefulness to the purpose of the factory, and its permanence." *Id.*, p 116.

A common-sense application of the term convinces us that the HVAC system in this case is integral to the use of the school. We reject the plaintiffs' product liability allegations for the same reasons that the *Adair* court did:

> This would be contrary to the intent behind section 2305.131, which protects designers and builders from all actions arising from defects in an improvement. (Citation omitted). Although Adair cites many cases to support his contention, none deals with the situation before us—an attempt to maintain a product liability action where the defective entity has been held an improvement and where a negligence action has been held barred by the statute of repose of designers and builders. We decline to undercut the protective purpose of section 2305.131 by excluding a "product liability" action for defects in an improvement from the coverage of the statute. [741 F2d 116.]

Accordingly, we conclude that the term "improvement to real property" should be construed to include the design of the HVAC system and to preclude maintaining a cause of action under MCL 600.5805(9); MSA 27A.5805(9).

For the foregoing reasons the decision of the trial court granting accelerated judgment to defendant Manyam is affirmed.