## BEAUREGARD-BEZOU v PIERCE

Docket No. 124884. Submitted November 5, 1991, at Grand Rapids. Decided May 19, 1992, at 9:15 A.M.

Alexandra Beauregard-Bezou brought an action in the Benzie Circuit Court against Melvin C. Pierce, seeking damages for injuries sustained when she fell on a staircase in her home that was built by the defendant, a residential building contractor. She alleged negligence in the construction of the staircase. The defendant moved for summary disposition, arguing that the action was barred by the applicable six-year statute of limitations, MCL 600.5839(1); MSA 27A.5839(1), because the plaintiff had occupied and used the home for more than six years before she fell. The court, James M. Batzer, J., denied the motion, interpreting the statute to provide that the six-year period of limitation begins to run at the time of occupancy, use, or acceptance of the improvement, whichever is later, and noting that questions existed with regard to when or if the defendant completed the improvement and whether the plaintiff accepted it. The defendant appealed by leave granted.

The Court of Appeals *held:*

The plaintiff's claim is barred because the six-year period of limitation began to run when the plaintiff began using her home and expired before the plaintiff brought her action. The order denying summary disposition must be reversed and the case remanded for entry of an order granting summary disposition for the defendant.

1. The operation of the statute of limitations is predicated upon the time of occupancy, use, or acceptance of an improve-

REFERENCES

Am Jur 2d, Limitation of Actions §§ 48-57, 135, 136; Statutes § 241.

Validity and construction, as to claim alleging design defects, of statute imposing time limitations upon action against architect or engineer for injury or death arising out of defective or unsafe condition of improvement to real property. 93 ALR3d 1242.

When statute of limitations begins to run on negligent design claim against architect. 90 ALR3d 507.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

ment. Only one of the criteria needs to be met in order for the period of limitation to begin to run.

2. A literal interpretation of the word "or" in the context in which it is used in § 5839(1) would not render that portion of the statute dubious. A literal interpretation indicates an alternative or choice of one among two or more things.

Reversed and remanded.

1. LIMITATION OF ACTIONS — NEGLIGENCE — IMPROVEMENT TO REAL PROPERTY.

The period of limitation applicable to actions alleging ordinary negligence against architects, professional engineers, or contractors arising from improvements to real property begins to run at the time of occupancy, use, or acceptance of the improvement; only one of the criteria need be met in order for the period of limitation to begin to run (MCL 600.5839[1]; MSA 27A.5839[1]).

2. WORDS AND PHRASES — STATUTES — "OR".

The disjunctive use of "or" should be followed in interpreting statutes containing it unless a literal interpretation would render the statute dubious; so used, "or" expresses an alternative or provides a choice of one among two or more things.

*McCroskey, Feldman, Cochrane & Brock* (by *Robert O. Chessman*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Marilyn S. Nickell*), for the defendant.

Before: JANSEN, P.J., and NEFF and CONNOR, JJ.

PER CURIAM. In this negligence action, defendant appeals by leave granted from an order of the circuit court denying his motion for summary disposition. We reverse.

I

Defendant's motion for summary disposition is based on the six-year statute of limitations for actions against architects, professional engineers, or contractors arising from improvements to real

property, MCL 600.5839; MSA 27A.5839. Defendant, a residential building contractor, undertook to construct a home for plaintiff and her husband, Marion, in a written contract dated October 16, 1978. Plaintiff occupied the home on September 20, 1979, and has used the home since then as her place of residence.

Initial occupancy of the home occurred before construction was completed and plaintiff complained to defendant, to the Department of Licensing & Regulation, and to the local building inspector—who withheld issuance of a certificate of occupancy until after June 23, 1982—regarding uncompleted construction work on the home, including complaints concerning the manner in which defendant constructed a certain staircase. The staircase was to be enclosed by walls, with the handrail running along the length of the staircase. Instead, defendant constructed the staircase so that the last several steps were open, and there was no handrail support for those steps.

On September 6, 1986, plaintiff, while descending the staircase at the point where the railing ends, fell and fractured her hip. Suit was commenced on June 10, 1987.

Defendant thereafter moved for summary disposition on the grounds that the applicable period of limitation had expired and that defendant's conduct was not a proximate cause of plaintiff's injuries. The trial court denied the motion.

II

In reviewing summary disposition motions under MCR 2.116(C)(7), this Court must accept all the plaintiff's well-pleaded allegations as true and construe them most favorably to the plaintiff. *Wildfong v Fireman's Fund Ins Co,* 181 Mich App 110,

113; 448 NW2d 722 (1989). If no question of fact exists, the issue whether the claim is statutorily barred is one of law for the court. *Id.*

Defendant argues that plaintiff's claim is barred because the six-year period of limitation has expired. We agree.

MCL 600.5839(1); MSA 27A.5839(1) provides:

> No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

The statute reflects amendments by 1985 PA 188, effective March 31, 1986. Before these amendments, the six-year statute of limitations applied only to claims made against architects and professional engineers, and the statute contained no "discovery" statute of limitations. The amendments made claims against contractors subject to a six-year statute of limitations for allegations of ordinary negligence and provided a one-year "dis-

covery" statute of limitations where gross negligence is pleaded.

The amendments were in effect at the time plaintiff's injuries occurred on September 6, 1986. The one-year "discovery" statute of limitations however, is inapplicable in this case because plaintiff knew of the alleged defective handrail for more than one year before commencing suit, and she did not allege gross negligence. Thus, the focus is whether plaintiff's claim was filed within six years of the time she occupied, used, or accepted the improvement.

The trial court interpreted the statute to mean that the six-year period of limitation begins to run at the time of occupancy, use, or acceptance of the improvement, whichever is later.

Plaintiff admits she occupied and used the home for more than six years before she fell, but claims that she did not accept the improvement. She further argues that the statute should be read as interpreted by the trial court.

Defendant contends that the trial court's interpretation of the statute is erroneous. Defendant claims that, because the statute uses the disjunctive "or" in delineating the factors that trigger the running of the period of limitation, only one of the criteria needs to be met.

In *Fennell v John J Nesbitt, Inc,* 154 Mich App 644, 649; 398 NW2d 481 (1986), a case that dealt with a pre-1986 amendment of the statute, a panel of this Court stated:

> We do not read MCL 600.5839; MSA 27A.5839 as a "discovery" statute of limitations. Rather, we find that its operation is predicated upon the time of occupancy *or* use *or* acceptance of the improvement. [Emphasis added.]

Although the focus in *Fennell* was whether the

statute at issue was a "discovery" statute of limitations and is different from the issue of statutory interpretation in this case, we find this Court's language cited above persuasive. We agree with the *Fennell* panel that the operation of the statute is predicated upon the time of occupancy *or* use *or* acceptance.

The question then becomes whether, as defendant contends, only one of the criteria needs to be met in order for the period of limitation to begin to run or whether, as plaintiff contends, the period only begins to run at the time of the latest of the three contingencies.

The primary rule of statutory interpretation is to ascertain and give effect to legislative intent. *Nolan v Dep't of Licensing & Regulation,* 151 Mich App 641, 648; 391 NW2d 424 (1986). Where the use of the disjunctive "or" creates ambiguity in a statute, the language of the statute must be construed to give effect to the Legislature's intent, and the words of the statute must be construed in light of the general purpose sought to be accomplished by the Legislature. *Id.*

The terms "and" and "or" are often misused in drafting statutes, and inappropriate use of these words has infected statutory enactments. *Id.,* pp 648-649. However, the literal meaning of "or" should be followed unless it renders the statute dubious. *Id.* A literal interpretation of the word "or" in the context in which it is used in § 5839(1) would not render that portion of the statute dubious.

Black's Law Dictionary (6th ed) defines "or" as: "A disjunctive particle used to express an alternative or to give a choice of one among two or more things."

Additionally, in *Smith v Elliard,* 110 Mich App 25, 30; 312 NW2d 161 (1981), this Court stated:

The Legislature's use of the disjunctive "or" indicates that a cause of action should be barred if either of the two pertinent statutes of limitations have expired. However, it has been recognized that the terms "or" and "and" are frequently misused and courts sometimes have been led to read one term in place of the other. Still, the terms are not interchangeable and should be followed when their accurate reading does not render the sense of a provision dubious.

Although *Smith* involved the interpretation of a different statute, its interpretation of the word "or" indicates an alternative or choice between two things.

In applying a literal interpretation of the word "or" in § 5839(1), we find plaintiff's claim is barred because the six-year period of limitation began to run when she started using the house in 1979. Such an interpretation does not render § 5839(1) dubious and gives effect to the Legislature's intent to limit causes of action against building contractors not involving allegations of gross negligence to six years.

The trial court erred in denying defendant's motion for summary disposition. We therefore reverse the order denying summary disposition and remand this case for entry of an order granting summary disposition to defendant.

### III

Because of our resolution of this case, we need not address defendant's remaining argument.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.