SMITH v QUALITY CONSTRUCTION COMPANY

Docket No. 142324. Submitted March 3, 1993, at Detroit. Decided June 22, 1993, at 9:10 A.M.

Kisha Smith, as next friend of Derrick Smith, a minor, brought an action in the Wayne Circuit Court against Quality Construction Company, alleging that Derrick was injured severely in October 1987 as a result of the defendant's failure to install a smoke detector during home repair work that it completed in April 1980. The trial court, James A. Hathaway, J., granted summary disposition for the defendant on the basis that the action was time-barred. The plaintiff appealed.

The Court of Appeals *held:*

1. Because the plaintiff's claim alleged injuries arising from ordinary negligence by a contractor in the making of an improvement to real property, the applicable period of limitation is six years and began to run on the date of the occupancy, use, or acceptance of the improvement, in this case in April 1980.

2. Six years after the date of the occupancy, use, or acceptance of the improvement made by the defendant, the statute of limitation became a statute of repose, preventing accrual thereafter of any action arising out of ordinary negligence in the making of the improvement. Because the six-year period had run before the injury to Derrick, the possibility of accrual of an action against the defendant for its ordinary negligence had already passed, and, accordingly, § 5851(1) of the Revised Judicature Act, MCL 600.5851(1); MSA 27A.5851(1), which tolls statutory periods of limitation because of an injured party's minority on the date of accrual, is not applicable. The trial court correctly held that the action was time-barred.

Affirmed.

LIMITATION OF ACTIONS — NEGLIGENCE — IMPROVEMENTS TO REAL
    PROPERTY — STATUTES OF REPOSE.

The period of limitation for an action alleging ordinary negli-

REFERENCES

Am Jur 2d, Limitation of Actions §§ 16, 107, 109, 136.

See ALR Index under Limitation of Actions; Negligence.

gence of a contractor arising from an improvement to real property begins to run at the time of occupancy, use, or acceptance of the improvement; when more than six years has elapsed from the date of occupancy, use, or acceptance of the improvement before an injury is sustained as a result of ordinary negligence with respect to the improvement, the statute of limitation acts as a statute of repose that prevents accrual of a cause of action for that injury (MCL 600.5839[1]; MSA 27A.5839[1]).

*Keller & Avadenka, P.C.* (by *Barry F. Keller* and *Thomas C. Bromell*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Nicholas D. Corden*), for the defendant.

Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition brought under MCR 2.116(C)(7). We affirm.

In 1979, defendant Quality Construction Company was hired to perform repair work on a building owned by Sarah Stewart. A city ordinance required installation of smoke detectors as part of the repairs. Defendant completed the repairs on April 28, 1980, apparently without installing the smoke detectors. On October 12, 1987, plaintiff's minor son was severely injured when the Stewart building caught fire.

Plaintiff filed a complaint alleging that defendant was negligent in failing to install smoke detectors as required by city ordinance. Defendant moved for summary disposition, arguing that the complaint was time-barred under MCL 600.5839(1); MSA 27A.5839(1), because more than six years had passed between the date of the repairs and the date of the fire. In response, plaintiff argued that a

cause of action accrued to her son during the ten-year period provided by the statute and that, because her son was a minor, the limitation period was tolled under MCL 600.5851(1); MSA 27A.5851(1) until he reached the age of majority. The trial court granted defendant's motion. Reluctantly, we find no reason to disturb the decision made by the trial court.

When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pleaded allegations as true and construe them in favor of the plaintiff. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 390-391; 487 NW2d 792 (1992). If there are no facts in dispute, the issue whether the claim is statutorily barred is a question of law for the court. *Id.*

Section 5839(1) of the Revised Judicature Act, MCL 600.5839(1); MSA 27A.5839(1), provides in part:

> No person may maintain any action to recover damages for . . . bodily injury or wrongful death, arising out of the defective or unsafe condition of an improvement to real property . . . against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor . . . . However, no such action may be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

According to the statute, ordinary negligence claims against contractors are subject to a six-year period of limitation, while claims of gross negli-

gence are subject to a one-year period following discovery. *Michigan Millers Mutual Ins Co v West Detroit Building Co, Inc,* 196 Mich App 367, 371; 494 NW2d 1 (1992). In this case, because plaintiff's claim is one of ordinary negligence, the six-year period of limitation is applicable and prevents her lawsuit from going forward.

In a second argument, plaintiff claims that the period of limitation was tolled because of her son's infancy. Section 5851(1) of the Revised Judicature Act, MCL 600.5851(1); MSA 27A.5851(1), provides in pertinent part:

> [I]f the person first entitled to make an entry or bring an action is under 18 years of age . . . at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed . . . to make the entry or bring the action although the period of limitations has run.

When construing a statute, courts should presume that every word has some meaning and should avoid any construction that would render a statute, or part of it, surplusage or nugatory. *Michigan Millers, supra* at 373. Statutes of limitation should be construed to advance the policy that they are designed to promote and should not be defeated by an over-strict construction. *Buzzn v Muncey Cartage Co,* 248 Mich 64, 67; 226 NW 836 (1929). Among the purposes of statutes of limitation are the preventing of stale claims and the relieving of defendants of the protracted fear of litigation. *Lothian v Detroit,* 414 Mich 160, 166-167; 324 NW2d 9 (1982).

In *O'Brien v Hazelet & Erdal,* 410 Mich 1, 15; 299 NW2d 336 (1980), our Supreme Court concluded that § 5839(1) was both one of limitation

and one of repose. For ordinary negligence actions that accrue within six years from the occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and, thus, acts as a period of limitation. When more than six years has elapsed from the date of occupancy, use, or acceptance before an injury is sustained, the statute is one of repose that prevents a cause of action from ever accruing. *Id.* Where the injury occurs after the passage of the applicable time period, the injured party "literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress." *Id.* at 15-16, n 19, quoting from *Rosenberg v Town of North Bergen,* 61 NJ 190; 293 A2d 662 (1972).

Our review of the language of § 5851(1) indicates that it tolls a period of limitation only where the person is a minor "at the time the claim accrues." A strict interpretation of the language leads us to the conclusion that the statute's purpose is to extend the period for bringing a claim that has already accrued. It does not revive claims that never accrued. Unfortunately, this is one of those cases where there is an injury for which the law provides no remedy.

Affirmed.