WITHERSPOON v GUILFORD

Docket Nos. 151019, 152499. Submitted November 10, 1993, at Detroit. Decided January 18, 1994, at 9:15 A.M.

Shirley Witherspoon, as personal representative of the estate of LaRon Gamble, deceased, brought a wrongful death action in the Lenawee Circuit Court against Michelle Guilford and Adrian Fence Co., Inc., alleging that the decedent was fatally injured in a highway accident that was caused by Guilford and involved a guardrail constructed by Adrian Fence. The court, Kenneth B. Glaser, J., granted summary disposition for the defendants, determining that the action was barred by the three-year period of limitation provided by MCL 600.5805(8); MSA 27A.5805(8). The court rejected the plaintiff's contentions that the claim against Adrian Fence is governed by MCL 600.5839; MSA 27A.5839, which provides a limitation period of six years after occupancy or use for claims of ordinary negligence related to improvements to real property by state-licensed architects, professional engineers, and contractors and that the limitation period for the claim against Guilford should be extended pursuant to MCL 600.5855; MSA 27A.5855 because Guilford fraudulently concealed her negligent involvement in the accident. The plaintiff appealed.

The Court of Appeals held:

1. The trial court did not err in ruling that the claim against Adrian Fence is governed by the three-year limitation period of § 5805(8). The Legislature did not intend § 5839 to breathe additional life into claims that otherwise would expire under § 5805(8).

2. The trial court did not err in determining that there had been no fraudulent concealment by Guilford. The police report of the accident indicated Guilford's identity and her account of the accident. The plaintiff had access to that report and had an early opportunity to ascertain Guilford's potential liability for the accident.

Affirmed.

REFERENCES

Am Jur 2d, Architects § 25; Limitation of Actions §§ 102, 103, 136, 148.

See ALR Index under Limitation of Actions.

1. LIMITATION OF ACTIONS — NEGLIGENCE — ARCHITECTS, ENGINEERS, AND CONTRACTORS — IMPROVEMENTS TO REAL PROPERTY.

An action to recover damages for injury to persons or property, or for the death of a person, against a state-licensed architect, professional engineer, or contractor on a theory of ordinary negligence must be brought within three years of the injury or death (MCL 600.5805[8], 600.5839; MSA 27A.5805[8], 27A.5839).

2. LIMITATION OF ACTIONS — FRAUDULENT CONCEALMENT.

The running of a statutory period of limitation will be tolled on the basis of fraudulent concealment only upon a showing of fraud manifested by an affirmative act or misrepresentation (MCL 600.5855; MSA 27A.5855).

*Goodman, Eden, Millender & Bedrosian* (by *Robert A. Koory*), for Shirley Witherspoon.

*Montagne, Schmidt, Matthews & Belanger* (by *Leland T. Schmidt*), for Michelle Guilford.

*Bullen, Moilanan, Klaasen & Swan, P.C.* (by *Terry J. Klaasen*), for Adrian Fence Co., Inc.

Before: BRENNAN, P.J., and REILLY and R. J. DANHOF,* JJ.

R. J. DANHOF, J. Plaintiff appeals as of right two circuit court orders dismissing her wrongful death lawsuit as barred by the statute of limitations. On appeal, plaintiff asserts that her claim against defendant Adrian Fence Company was timely filed because the six-year limitation provided by MCL 600.5839; MSA 27A.5839 applies rather than the three-year limitation imposed by MCL 600.5805(8); MSA 27A.5805(8). Plaintiff secondly argues that her claim against defendant Michelle Guilford was not barred because Guilford fraudulently concealed her negligent involvement in the accident. We affirm.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

I

This case arose from an automobile accident that occurred on November 6, 1988, in the City of Adrian. LaRon Gamble, plaintiff's decedent, was traveling east on West Maumee Road (Business Route US 223). As his vehicle entered a sharp left curve, it veered to the right, struck a guardrail, became airborne, and crashed into a tree. Defendant Adrian Fence Company had constructed and installed the guardrail, completing the installation in October 1988.

Defendant Guilford was traveling west on West Maumee at the time of the accident. Initially a witness for plaintiff in plaintiff's suit against the Michigan Department of Transportation, Guilford testified at an August 26, 1991, deposition that she had seen decedent's car cross into her lane before veering off the road. However, two accident reconstruction experts, on the basis of the skid marks left by decedent's car in the eastbound lane, testified that decedent had not in fact left his lane, but had applied maximum brakeage in a probable response to perceived danger, and that the resultant locking of the brakes caused his car to continue straight as the road curved. The experts theorized that the perceived danger was Guilford herself, who saw decedent cross over into "her" lane because she was driving in the center lane, or even the eastbound lane, thus causing the accident. Two other witnesses who had been traveling west on West Maumee testified that shortly before they came upon the scene of the accident, they had been passed by a small dark-colored car in the center lane, traveling at excessive speed, which because of the time and distance involved must have had something to do with the accident. Guilford had driven a dark blue Ford Escort. Plaintiff

named Guilford along with Adrian Fence in a separate suit for negligence.

Plaintiff's complaint was mailed on November 4, 1991, but not filed with the court until November 7, 1991. Adrian Fence filed a motion for summary disposition pursuant to MCR 2.116(C)(7), claiming that plaintiff's claims were barred by the three-year statute of limitations for death or injury actions, MCL 600.5805(8); MSA 27A.5805(8). Guilford joined in that motion. Plaintiff amended the complaint to include allegations of fraudulent mis-representation against Guilford. To Adrian Fence, plaintiff responded that the applicable statute was MCL 600.5839; MSA 27A.5839, which places a six-year limitation on actions against architects, professional engineers, and contractors. The trial court granted defendants' motions, ruling first that the six-year limitation provided by MCL 600.5839; MSA 27A.5839 did not extend the three-year limitation provided by MCL 600.5805(8); MSA 27A.5805(8), and second, that plaintiff had not set forth a case of misrepresentation because there was no evidence that, at the time of the accident, Guilford had been driving in any but the west-bound lane.

II

When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court must accept the plaintiff's well-pleaded allegations as true and construe them in favor of the plaintiff. If there are no facts in dispute, the question whether the claim is statutorily barred is one of law for the Court. *Smith v Quality Const Co,* 200 Mich App 297, 299; 503 NW2d 753 (1993).

At issue in the case against Adrian Fence is the relationship between MCL 600.5805(8); MSA

27A.5805(8) and MCL 600.5839; MSA 27A.5839. Section 5805 limits the viability of actions for injuries to persons or property; subsection 8 provides that the general period of limitation for negligence actions is three years. The limitation period begins to run when all the elements of the cause of action have occurred and can be alleged in a proper complaint. MCL 600.5827; MSA 27A.5827; *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 149-151; 200 NW2d 70 (1972).

By a 1988 amendment, § 5805 also directs attention to MCL 600.5839; MSA 27A.5839:

> (10) The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in section 5839.

Section 5839 provides in pertinent part:

> (1) No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional

engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

As originally enacted in 1967,[1] this statute protected only architects and engineers, and limited the actionable period to six years after the time of occupancy, use, or acceptance of the improvement. The purpose of the statute was to relieve those professionals of open-ended liability for alleged defects in their workmanship. *O'Brien v Hazelet & Erdal*, 410 Mich 1, 14; 299 NW2d 336 (1980). The effect of the statute was one of both limitation and repose:

> For actions which accrue within six years from occupancy, use, or acceptance of the completed improvement, the statute prescribes the time within which such actions may be brought and thus acts as a statute of limitations. When more than six years from such time have elapsed before an injury is sustained, the statute prevents a cause of action from ever accruing. [*Id.* at 15.]

The statute was amended in 1985 to extend to contractors the protection afforded architects and engineers,[2] and to permit extension of the six-year limitation applicable to ordinary negligence claims by a one-year discovery provision applicable to gross negligence claims, with a final limitation of ten years. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 390-391; 487 NW2d 792 (1992). The Legis-

[1] 1967 PA 203.

[2] 1985 PA 188. Until that time, contractors were protected only by the three-year general period of limitation. Because a cause of action could accrue under that provision regardless of when the alleged design or construction defect occurred, contractors were left vulnerable to suits in cases where an architect or engineer would otherwise have been the party sued. See Senate Analyses, SB 278, July 2, 1985, and December 20, 1985.

lature later added § 5805(10)[3] to underscore its intent to grant § 5839 primacy over other arguably applicable periods of limitation, running from the time of discovery, whose effect would defeat the repose aspect of § 5839. *Michigan Millers Mutual Ins Co v West Detroit Building Co, Inc,* 196 Mich App 367, 375-378; 494 NW2d 1 (1992); Senate Fiscal Agency Analyses, SB 478, October 21, 1987, and June 22, 1988. Thus, through the addition of § 5805(10), § 5839 applies to all claims against architects, engineers, or contractors for injuries arising from improvements to real property, whether involving the original or third parties, and whether based on tort or contract. *Michigan Millers* at 378. Once the applicable period under § 5839 has passed, a claim is conclusively barred. *Smith, supra* at 299-300; *Michigan Millers, supra.* It is clear then, that were an injury to arise from an alleged defect in an improvement more than six years after use or more than one year after discovery, § 5805(8) would not create for the would-be plaintiff an extended or additional period of viability notwithstanding § 5839. *Id.*

What is less clear is whether the six-year period applicable to ordinary negligence under § 5839 precludes application of § 5805(8) where the cause of action arises within six years after use or acceptance of the improvement. In other words, recognizing that § 5839 is a specific statute of limitations, which normally controls over a general statute of limitations, *Michigan Millers, supra* at 374, the question is whether § 5839, in tandem with § 5805(10), renders § 5805(8) inapplicable. We hold that it does not.

The primary purpose of courts in interpreting statutes is to discover and give effect to the intent

---

[3] 1988 PA 115.

of the Legislature. *Michigan Millers* at 372-373. Where the statutory language is clear and unambiguous, no interpretation is necessary. If statutory language is ambiguous, or where reasonable minds may differ, a reasonable construction must be given in light of the purpose of the statute. *Id.,* at 373. Statutes of limitation will be construed to advance the policy that they are designed to promote. Among the purposes of statutes of limitation are to prevent stale claims and to relieve defendants of the protracted fear of litigation. *Id.* at 373-374.

We understand § 5839, together with § 5805(10), to set forth an emphatic legislative intent to protect architects, engineers, and contractors from stale claims. However, because we must interpret the statute as a whole, reading each section in harmony with the rest of the statute, *Michigan Millers, supra,* we do not understand those provisions to expand the general three-year period of viability for injury claims under § 5805(8) to a six-year period insofar as the claims apply to those protected by § 5839. While it is possible, as plaintiff argues, that the Legislature intended to expand the period of liability as a "trade-off" for the protection afforded by the provision, we find no hint of such an intent in the provision itself or elsewhere. Moreover, our adoption of this interpretation would necessarily render § 5805(8) nugatory in such cases, an effect that this Court must avoid in construing statutes. *Id.* Because the Legislature in enacting these provisions did not clearly indicate that it intended through § 5839 to breathe additional life into claims that would otherwise have expired under § 5805(8), we choose not to read that intention into the statute.

We thus find that the trial court properly

granted summary disposition for defendant Adrian Fence Company pursuant to MCR 2.116(C)(7).

### III

Plaintiff also contends that the trial court wrongly granted defendant Guilford's motion for summary disposition because plaintiff presented a genuine issue of material fact concerning her claim that Guilford fraudulently concealed that she caused LaRon Gamble's accident.

MCL 600.5855; MSA 27A.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Generally, for fraudulent concealment to postpone the running of a limitation period, the fraud must be manifested by an affirmative act or misrepresentation. The plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery. *Draws v Levin,* 332 Mich 447, 452; 52 NW2d 180 (1952); *Stroud v Ward,* 169 Mich App 1, 8; 425 NW2d 490 (1988).

We note that the evidence of Guilford's misrepresentation is entirely conjectural. However, accepting pro forma as true all of plaintiff's allegations, we find that the trial court properly granted defendant Guilford's motion for summary disposi-

tion. Guilford gave her account of the accident to the police within minutes after it occurred, and her name and description are included in the police report, with which plaintiff subsequently became familiar. Plaintiff was thus aware that Guilford was at the scene of the accident when it occurred, and her identity and potential for liability were therefore discoverable from the outset.

IV

We affirm the trial court's grant of summary disposition to both defendants pursuant to MCR 2.116(C)(7).

Affirmed.