ABBOTT v JOHN E GREEN COMPANY

ABBOTT v SCHAD BOILER SETTING COMPANY

ADAMS v AJAX MAGNETHERMIC CORPORATION

HERZBERG v BROWN BOVERI CORPORATION

Docket Nos. 204222, 204223, 208287, 209156. Submitted July 15, 1998, at Lansing. Decided December 18, 1998, at 9:00 A.M. Leave to appeal sought.

Thomas Abbott and other current or former employees of the General Motors Gray Iron Foundry brought actions in the Saginaw Circuit Court against John E. Green Company and other contractors who designed, manufactured, or installed asbestos-containing materials at the foundry, alleging and seeking damages for injuries sustained as a result of exposure to asbestos fibers. The defendants moved for summary disposition, arguing that the actions are barred by the ten-year statute of repose that applies to an action to recover from a contractor damages for bodily injury arising out of an alleged defective and unsafe condition of an improvement to real property. MCL 600.5839(1); MSA 27A.5839(1). The court, Leopold P. Borrello, J., denied the motions, determining that injuries received from components to an improvement before the components become part of the improvement are not subject to the statute of repose. The defendants appealed by leave granted, and their appeals were consolidated.

The Court of Appeals *held*:

1. The statute of repose provides in part that no person may maintain any action against a contractor to recover damages for bodily injury arising out of the defective and unsafe condition of an improvement to real property made by the contractor more than ten years after the time of occupancy, use, or acceptance of the improvement. Construction activities such as cutting and sawing asbestos pipe covering and mixing powdered asbestos cement in preparation for the incorporation of those materials into the improvement constituted improvements to property for purposes of the statute of repose. The purpose of the statute of repose is to protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for defects in workmanship. Work-

manship encompasses not only the quality of the finished product, but the manner of construction as determined by the art, skill, or technique of the workman. The plaintiffs' challenge of the defendants' workmanship is subject to the statute of repose.

2. Contractors were afforded protection under the statute of repose when 1985 PA 188, effective March 31, 1986, amended the statute to add contractors among the protected professionals listed in subsection 1 of the statute. 1985 PA 188 added to the statute subsection 6, which provides that the changes to subsection 1 shall apply only to a cause of action that accrues on or after the effective date of 1985 PA 188. A claim does not accrue until all the elements of an action for personal injury, including the element of damage, are present. In this case the plaintiffs' claims did not accrue until well after the effective date of 1985 PA 188. Thus, the statute of repose, as amended to add contractors, applies to the plaintiffs' claims.

Reversed and remanded.

1. LIMITATION OF ACTIONS — NEGLIGENCE — BUILDING CONTRACTORS.

Activities by a contractor relating to the preparation of materials for incorporation into an improvement may—for purposes of the statute of repose that provides that an action for damages against a contractor for injury arising out of a defective and unsafe condition of an improvement to real property are not to be brought more than ten years after occupancy, use, or acceptance of the improvement—constitute improvements to real property (MCL 600.5839[1]; MSA 27A.5839[1]).

2. LIMITATION OF ACTIONS — NEGLIGENCE — ENGINEERS — ARCHITECTS — BUILDING CONTRACTORS.

The statute of repose that limits actions for damages against engineers, architects, and contractors for injuries to persons arising out of a defective and unsafe condition of an improvement to real property is to protect such professionals from stale claims and to eliminate open-ended liability for defects in workmanship (MCL 600.5839[1]; MSA 27A.5839[1]).

3. ACTIONS — PERSONAL INJURY — ACCRUAL.

A personal injury claim does not accrue until all elements of the personal injury action, including the element of damage are present (MCL 600.5827; MSA 27A.5827).

*Goldberg, Persky, Jennings & White, P.C. (by Joel Persky, Peter T. Paladino, Jr., Lane A. Clack, David*

*B. Rodes,* and *Lee W. Davis*), for Thomas Abbott, William G. Adams, and Robert E. Herzberg.

*Secrest, Wardle, Lynch, Hampton, Truex, and Morley* (by *Janet Callahan Barnes* and *Roy E. Cole*), for John E. Green Company and Schad Boiler Setting Company.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda M. Garbarino* and *Daniel J. Niemann*), for Ajax Magnethermic Corporation.

*Worsfold, Macfarlane, McDonald, PLLC* (by *Evan L. Macfarlane* and *David M. Pierangeli*), for Brown Boveri Corporation.

Before: BANDSTRA, P.J., and GRIFFIN and YOUNG, JR., JJ.

BANDSTRA, P.J.

### I. STATEMENT OF THE CASE

Defendants in these four consolidated cases[1] appeal by leave granted from the circuit court's orders denying their identical motions for summary disposition. The appeals arose out of the same asbestos suit filed in 1994, when 1,375 employees and former employees of the General Motors Gray Iron Foundry in Saginaw sought to recover for personal injuries received as a result of exposure to asbestos during improvements to the foundry made in the 1960s and 1970s.

---

[1] In order to facilitate handling of this matter, plaintiffs were divided into groups of fifty to sixty individuals whose claims were to be heard together, with trials scheduled to begin every two weeks. Plaintiffs in these cases are each representatives of one of these groups.

Defendants are contractors who allegedly designed, manufactured, or installed asbestos-containing materials in the foundry more than eighteen years ago. Plaintiffs claim that defendants are liable for injuries they allege were caused when the construction activity associated with the installation of the improvements resulted in asbestos fibers being released. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), asserting that plaintiffs' claims were barred by the statute of repose, MCL 600.5839(1); MSA 27A.5839(1). This statute prohibits suits from being filed against contractors for damages for injuries received as a result of improvements to real property more than ten years after the improvement is accepted, used, or occupied.

The trial court denied the motions. It reasoned that injuries received from components to an improvement before they become part of the improvement are not subject to the statute of repose. We disagree with this analysis of the statute and reverse and remand.

## II. STANDARDS OF REVIEW

This Court reviews the disposition of a motion for summary disposition de novo. *Pendzsu v Beazer East, Inc*, 219 Mich App 405, 408; 557 NW2d 127 (1996). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court must consider the pleadings, affidavits, depositions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court may grant the motion for summary disposition under MCR

2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Quinto, supra* at 362. Once the moving party has supported its position by documentary evidence, the burden shifts to the opposing party to set forth specific facts showing that a genuine issue of material fact exists. *Id.* If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, summary disposition may properly be granted. *Id.* at 363.

When reviewing a motion for summary disposition under MCR 2.116(C)(7), the plaintiff's well-pleaded allegations are accepted as true and are construed in the plaintiff's favor. *Pendzsu, supra; Huron Tool & Engineering Co v Precision Consulting Services, Inc,* 209 Mich App 365, 376-377; 532 NW2d 541 (1995). The pleadings, affidavits, and other documentary evidence submitted by the parties are also considered in making the determination whether a genuine issue of material fact exists. *Huron Tool, supra* at 377. If no material facts are in dispute, this Court may decide the question whether the claim is statutorily barred as a matter of law. *Moll v Abbott Laboratories,* 444 Mich 1, 26; 506 NW2d 816 (1993); *Pendzsu, supra; Huron Tool, supra.* Statutory interpretation is a question of law that is reviewed de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n,* 456 Mich 590, 610; 575 NW2d 751 (1998).

III. ANALYSIS

The statute of repose, MCL 600.5839(1); MSA 27A.5839(1), provides in relevant part as follows:

No person may maintain any action to recover damages
. . . for bodily injury or wrongful death, arising out of the
defective and unsafe condition of an improvement to real
property, nor any action for contribution or indemnity for
damages sustained as a result of such injury, . . . against
any contractor making the improvement, more than 6 years
after the time of occupancy of the completed improvement,
use, or acceptance of the improvement, or 1 year after the
defect is discovered or should have been discovered, pro-
vided that the defect constitutes the proximate cause of the
injury . . . and is the result of gross negligence on the part
of the contractor . . . . However, no such action shall be
maintained more than 10 years after the time of occupancy
of the completed improvement, use, or acceptance of the
improvement.

In this appeal, plaintiffs concede that defendants are
contractors within the definition of the statute, that
the work constituted an improvement to real prop-
erty, and that the work was done more than ten years
ago. However, plaintiffs contend that the statute
applies only to the resulting improvement, and does
not apply to construction activities such as cutting
and sawing asbestos pipe covering and mixing pow-
dered asbestos cement in preparation for the incorpo-
ration of those materials into the improvement.

The facts of *Pendzsu, supra* at 407, are closely sim-
ilar to the facts in these cases in that the plaintiffs
there alleged exposure to asbestos during the process
of relining furnaces and ovens. Plaintiff Pendzsu was
a truckdriver who claimed that his work required him
to go into areas where asbestos-containing materials
were being used to reline coke ovens. *Id.* Plaintiff
McGhee was a maintenance worker who was also
exposed to airborne asbestos fibers from asbestos-
covered steam lines while Great Lakes Steel's fur-
naces were being rebuilt. *Id.* Our Court held that the

complained-of activities constituted an "improvement to real property" for the purposes of the statute of repose because there was "no genuine issue of material fact that the relining of the coke ovens and blast furnaces was 'integral' to the usefulness of the respective plants." *Id.* at 410-412. The plaintiffs in *Pendzsu* apparently did not make the same argument as do plaintiffs here with regard to the separability of the construction of the improvement from the improvement itself. However, plaintiffs' argument is inconsistent with the *Pendzsu* holding that the defendants' activities there, which are virtually identical to the defendants' activities here, constituted improvements to the property for purposes of the statute. *Id.*

Moreover, statutes of repose, like statutes of limitation, are to be construed in a manner that advances the policy they are designed to promote. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998); *Witherspoon v Guilford,* 203 Mich App 240, 247; 511 NW2d 720 (1994). The purpose of the statute of repose is to protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for "defects in workmanship." *Pendzsu, supra* at 410; *Ali v Detroit,* 218 Mich App 581, 587-588; 554 NW2d 384 (1996). The term "workmanship" encompasses not only the quality of the finished product, but the manner of construction as determined by the "art, skill, or technique of [the] workman." *The American Heritage Dictionary: Second College Edition* (1982), p 1391. In this case, plaintiffs contend that the manner of construction was defective in that the components were cut and assembled on-site resulting in the

release of asbestos. Plaintiffs thus challenge defendants' "workmanship," and it would be contrary to the purpose of the statute to allow this stale claim to proceed. Contractors would not enjoy the "repose" that the statute intends to guarantee if plaintiffs, barred from bringing claims arising out of the finished result of an improvement, could nonetheless bring claims arising out of the construction practices employed in making the improvement.[2]

For these reasons, we reject the argument advanced by plaintiffs and employed by the trial court in support of the denial of summary disposition.[3] In addition, we address an issue that the Court brought

---

[2] We note that, although plaintiffs stress the statutory language referring to the "condition of an improvement" to argue that only claims arising out of the finished product are covered, the statute also specifically provides protection to "any contractor making the improvement." When the statute is viewed as a whole, as it must be, *Weems v Chrysler Corp*, 448 Mich 679, 699-700; 533 NW2d 287 (1995), and interpreted to advance the purpose of eliminating open-ended tort liability for contractors and other protected parties, *Pendzsu, supra* at 410, there is no basis for the conclusion that plaintiffs would have us reach. We find the foreign precedents cited by plaintiffs, *Willis v Raymark Industries, Inc*, 905 F2d 793 (CA 4, 1990), and *Buttz v Owens-Corning Fiberglass Corp*, 557 NW2d 90 (Iowa, 1996), neither of which considered similar statutory language, to be inapposite.

[3] In their brief on appeal, plaintiffs included a footnote reference to two other arguments but in such a perfunctory fashion that we consider those arguments unpreserved. *Meagher v Wayne State Univ*, 222 Mich App 700, 716; 565 NW2d 401 (1997). Plaintiffs first suggest that the statute of repose applied here would deprive them of their right of redress without due process of law. In making the suggestion, plaintiffs acknowledge that this argument was rejected in *O'Brien v Hazelet & Erdal*, 410 Mich 1, 14-16; 299 NW2d 336 (1980), but claim that the Court in *O'Brien* authorized revisitation of the issue by later courts. However, plaintiffs present no argument whatsoever regarding why a different result should obtain in this case. Second, plaintiffs mention what seems to be an additional constitutional argument, that it would be "an impermissible retrospective application" of 1986 amendments of the statute to apply those amendments to provide protection for contractors (see discussion below) with respect to pre-1986 conduct. Plaintiffs cite no authority whatsoever to support this suggestion.

to the parties' attention during oral argument and that was the subject of postargument briefing.[4] Before amendments of subsection 1 of the statute that became effective March 31, 1986, contractors like defendants were not afforded protection. 1985 PA 188. These amendments became effective as specified in subsection 6 of the statute, which states:

> The changes to subsection (1) made by this 1985 amendatory act shall apply only to a cause of action which accrues on or after the effective date of this 1985 amendatory act and shall not apply to a cause of action which accrues before the effective date of this 1985 amendatory act. [MCL 600.5839(6); MSA 27A.5839(6).]

The issue thus becomes when "a cause of action . . . accrues." Plaintiffs contend that this language requires us to look to the time when the improvement to real property was completed by defendant contractors, long before March 1, 1986, the effective date of the amendments. Thus, the amendments would not be applicable to this case, meaning contractors would not be protected by the subsection 1 statute of repose and the decision of the trial court to deny summary disposition would be justified. Defendants argue that the statutory language refers to when plaintiffs' cause of action accrued under traditional accrual analysis. Because there is no question here that all of plaintiffs' claims accrued after 1986, defendants thus argue that the amendments of subsection 1 are effective, mean-

---

[4] Although this issue was unpreserved on appeal, we address it because, if the Legislature did not intend that the 1986 amendments should apply with respect to improvements completed before the effective date of those amendments, it would be manifestly unjust to employ the statute of repose to bar plaintiffs' claims. See *Winters v Dalton*, 207 Mich App 76, 79; 523 NW2d 636 (1994).

ing that contractors are protected by the statute of repose and the trial court improperly denied summary disposition.[5] We agree with defendants.

MCL 600.5827; MSA 27A.5827 provides that a "claim accrues at the time the wrong upon which the claim is based was done . . . ." In 1972, our Supreme Court interpreted this language to mean that a claim does not accrue until "all of the elements of an action for personal injury, including the element of damage, are present . . . ." *Connelly v Paul Ruddy's Equipment Repair & Service Co*, 388 Mich 146, 151; 200 NW2d 70 (1972). We presume that, when the Legislature added subsection 6 to § 5839 in 1986, it was aware of the *Connelly* Court's construction of the statute defining when a claim accrues. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 505-506; 475 NW2d 704 (1991); *Dwyer, Inc v Jaguar Cars, Inc*, 167 Mich App 672, 684; 423 NW2d 311 (1988). Accordingly, we conclude that, when it enacted subsection 6 of § 5839, the Legislature intended to limit the effect of the amendments to cases where the elements of a claim, including damages, became present on or after March 31, 1986, the effective date of the amendments. Because plaintiffs' claim did not thus accrue until long after that date, the amendments of the statute are applicable to provide coverage to defendant contractors in this case.

---

[5] Apparently, this question has never been previously raised. However, the amendment of the statute adding contractors has been repeatedly applied in cases where improvements were completed long before the effective date of the amendments but where the plaintiffs' causes of action accrued after the effective date. *Frankenmuth, supra; Pendzsu, supra; Smith v Quality Const Co*, 200 Mich App 297; 503 NW2d 753 (1993); *Michigan Millers Mut Ins Co v West Detroit Bldg Co, Inc*, 196 Mich App 367; 494 NW2d 1 (1992). Our decision today comports with those precedents.

This result comports with the usual rule that, when construing statutes, we begin with the words used by the Legislature. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). The language of subsection 6 clearly suggests that our inquiry has to be when plaintiffs' cause of action accrued rather than, as plaintiffs argue, when the completed improvement was occupied, used, or accepted. We conclude that, had the Legislature intended that result, it could have easily borrowed language from subsection 1 of the statute and written subsection 6 to state that the amendments "shall apply only to a cause of action arising out of the defective and unsafe condition of an improvement to real property that was occupied, used, or accepted after the effective date of this 1985 amendatory act." We cannot read this subsection 1 language into subsection 6 when the Legislature did not employ it there.[6]

Moreover, as plaintiffs would have us interpret subsection 6, the extension of protection afforded through the amendments of subsection 1 would have had no effect on contractors, newly subject to the protections afforded, until March 31, 1992, at the earliest. Under plaintiffs' analysis, the amendments would only apply to injuries arising out of improvements completed on March 31, 1986, at the earliest. The shortest statute of repose in subsection 1, i.e., the six-year statute for cases where plaintiffs had earlier

---

[6] Our decision today should not be misinterpreted as suggesting that the statute of repose begins running when a cause of action accrues. The statute of repose begins running at "the time of occupancy *or* use *or* acceptance" of the improvement, *Beauregard-Bezou v Pierce*, 194 Mich App 388, 393; 487 NW2d 792 (1992) (emphasis in original), without regard to when a plaintiff's cause of action accrues under *Connelly*.

discovered the defect or there was no gross negligence, would thus provide no protection to contractors until March 31, 1992, at the earliest. We consider this to be an illogical reading of the statute and cannot conclude that the Legislature intended that the relief afforded contractors by the 1986 amendments would be forestalled in this fashion. See *Gross v General Motors Corp*, 448 Mich 147, 164 (BRICKLEY, C.J.), 165 (BOYLE, J.); 528 NW2d 707 (1995); *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994).

For the foregoing reasons, we conclude that the amended statute applies to defendants in this case. The orders of the trial court denying summary disposition based on the statute of repose are reversed. We remand for further proceedings consistent with this opinion and do not retain jurisdiction.