# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD RAY REID,

        Plaintiff-Appellee,

v

THETFORD TOWNSHIP and THETFORD
TOWNSHIP POLICE DEPARTMENT,

        Defendants-Appellants,

and

LOUIE'S TOWING & SERVICE COMPANY,
INC.,

        Defendant.

UNPUBLISHED
May 25, 2017

Nos. 331333 & 331631
Genesee Circuit Court
LC No. 2014-103579-CZ

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendants Thetford Township and the Thetford Township Police Department appeal as of right, in docket no. 331333, the trial court's order denying their second motion for summary disposition based on governmental immunity grounds. In docket no. 331631, these defendants appeal, by delayed leave granted, the trial court's order denying their first motion for summary disposition, which was brought pursuant to MCR 2.116(C)(7) and (10). In docket no. 331333, we remand to the trial court for consideration of defendants' motion for summary disposition based upon governmental immunity. In docket no. 331631, we affirm the trial court's denial of defendants' motion for summary disposition.

Plaintiff owns real property in Clio, Michigan where he kept a multitude of inoperable vehicles. In 2013, defendant Thetford Township ("the Township") notified plaintiff that he was in violation of the Township's blight ordinance and advised that he had 30 days to bring the property into compliance. Plaintiff failed to do so and, one year later, the Township sent him another notice giving him another 30 days to come into compliance with the ordinance. Again, plaintiff failed to remedy the situation. Thus, on July 3, 2014, plaintiff was issued a citation for, among other things, improper storage of junk vehicles (blight). On July 21, 2014, defendant Thetford Township Police Department ("the Police") seized vehicles from the property and had

them towed by defendant Louie's Towing and Service Company Inc. ("Louie's") to Louie's storage yard.

Plaintiff sought to have his vehicles returned to him and, on September 9, 2014, the district court entered a consent order allowing plaintiff to obtain "any and all vehicles" that had been removed from his property with conditions that he pay "all fees associated therewith" and he not return the vehicles to the property. The order further provided that plaintiff had until October 1, 2014, to decide which vehicles he wanted to keep and that after that date, the remaining vehicles could be sold at auction, with notice. Plaintiff attempted to retrieve certain vehicles from Louie's, but was told he would have to pay the towing and storage fees associated with all of the vehicles in order to have any vehicle released. He refused to do so.

Plaintiff filed a complaint against all defendants on October 1, 2014. He alleged that the Police wrongfully seized his vehicles, that Louie's breached the Consumer Protection Act and wrongfully refused to release his vehicles, and that all defendants acted in concert of action to deprive him of his personal property. The Township and Police defendants (hereafter "defendants") moved for summary disposition (and Louie's concurred), claiming that because plaintiff had appeared in court and pled guilty to the charges on the July 3, 2104 citation, he cannot now claim that the vehicles were wrongly taken. Defendants further asserted that the trial court order specifically required plaintiff to pay any fees associated with the removal of his vehicles such that he is precluded from contesting the payment of those fees. In other words, defendants claimed that collateral estoppel and res judicata barred plaintiff's claims. The trial court denied the motion, opining that it was unclear from the record which or how many vehicles plaintiff had pled guilty to storing on his properly as junk, unregistered or inoperable. Thus, there was a question of fact that was not fully litigated in the criminal case. The court also pointed out that while defendants indicated that they seized 11 vehicles, plaintiff claimed that 16 vehicles were seized, creating another question of fact, and that plaintiff's claim that some of the seized vehicles were operable and some were insured created yet another unresolved question of fact. Finally, the trial court noted that it was unclear whether defendants had the authority to seize the vehicles under the cited ordinances.

During the pendency of this action, plaintiff pled guilty to the charge of having junk vehicles on his property. The trial court fined plaintiff $500 for that and three other violations that are not relevant to this appeal.

Defendants thereafter filed a second motion for summary disposition, this time relying upon governmental immunity. Defendants asserted that plaintiff failed to plead in avoidance of governmental immunity and that no exception to immunity served to impose liability on them in this tort action. The trial court again denied defendants' motion for summary disposition, because it had been untimely filed, i.e., outside of the trial court's scheduling order. This claim of appeal followed that ruling, and this Court additionally granted defendants' delayed application for leave to appeal the trial court's denial of defendants' prior motion for summary disposition. *Reid v Thetford Township*, unpublished order of the Court of Appeals, entered August 3, 2016 (Docket No. 331631).

This Court reviews the grant or denial of a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A summary

disposition motion brought under subrule (C)(7) does not test the merits of a claim but rather certain defenses (such as prior disposition of the claim) that may eliminate the need for a trial by law. *Nash v Duncan Park Com'n*, 304 Mich App 599, 630; 848 NW2d 435 (2014), vacated in part on other grounds, 497 Mich 1016. When reviewing a motion under subrule (C)(7), this Court accepts as true the plaintiff's well-pleaded allegations, construing them in the plaintiff's favor. *Abbott v John E Green Co*, 233 Mich App 194, 198; 592 NW2d 96 (1998). A motion made under MCR 2.116(C)(10) tests the factual support for a claim, *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006), and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124, 126 (2010).

<u>Docket No. 331333</u>

Defendants assert that although their motion for summary disposition brought on governmental immunity grounds was filed outside the trial court's scheduling order, MCR 2.116(D)(3) required the trial court to decide the motion. We review for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order. *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005).

A trial court generally has the authority to set deadlines for events before it, including the filing of motions. See MCR 2.401(B)(2)(ii). However, MCR 2.116 governs summary disposition motions and provides at (D)(3):

> (D) Time to Raise Defenses and Objections. The grounds listed in subrule (C) must be raised as follows:
>
> ***
>
> (3) The grounds listed in subrule (C)(4) and the ground of governmental immunity may be raised at any time, regardless of whether the motion is filed after the expiration of the period in which to file dispositive motions under a scheduling order entered pursuant to MCR 2.401.

This Court interprets court rules according to the same rules applicable to statutory interpretation. *CAM Constr v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002). "Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation." *Id*. at 554 (quoting *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000)).

The language of MCR 2.116(D)(3) is clear and unambiguous. The trial court does not have the discretion to reject motions based on governmental immunity—even if they are filed after the deadline set forth in the court's scheduling order. Any other reading of the rule would render the second part of the rule nugatory. Indeed, the 2007 Staff Comment to MCR 2.116 states that a motion for summary disposition based on governmental immunity "may be filed even if the time set for filing dispositive motions in a scheduling order has expired." Accordingly, where the trial court here stated that it was denying defendants' motion "because

this has been filed in contravention of the scheduling order that the Court has issued" it abused its discretion.

<u>Docket No. 331631</u>

Defendants assert that because plaintiff plead guilty concerning the ordinance violations, the doctrines of res judicata and/or collateral estoppel preclude him from now claiming that the seized vehicles were not junk vehicles or that defendants wrongfully or unlawfully took those vehicles from plaintiff's property. We disagree.

The question whether res judicata bars a subsequent action is reviewed de novo by this Court. *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004). The application of collateral estoppel is also a question of law that is reviewed de novo. *Holton v Ward*, 303 Mich App 718, 731; 847 NW2d 1 (2014).

The doctrine of res judicata is employed to prevent multiple suits regarding the same cause of action. The doctrine bars a second, subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair*, 470 Mich at 121. Res judicata has been applied broadly, barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*.

The doctrine of collateral estoppel is similarly intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Monat v State Farm Ins Co*, 469 Mich 679, 692–93; 677 NW2d 843 (2004) (internal citations and quotation marks omitted). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Holton*, 303 Mich App at 731, quoting *Monat*, 469 Mich at 682-684. "[M]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, [t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Monat*, 469 Mich at 684–85 (citations and quotation marks omitted) (alterations in original).

It is undisputed that on July 3, 2014, plaintiff was issued a citation for three things; among them was the improper storage of junk/unregistered/inoperative vehicles. The storage was a violation of Thetford Township Ordinance No. 62, which provides at section 3 that:

> It shall be unlawful for any person to store, or to permit the storage or accumulation of trash, rubbish, junk, junk vehicles or abandoned vehicles on any private property in the Township except within a completely enclosed building or upon the premises of a property zoned property, junk buyer, dealer in used auto parts, dealer in second hand goods, or junk.

The ordinance defines "junk motor vehicle" as any motor vehicle not licensed for use on Michigan highways for more than 30 days and any vehicle (licensed or not) that is inoperable for more than 30 days. See section 1(b).

At a December 18, 2014 hearing regarding the citation, it was indicated that plaintiff had a total of nine charges against him.[1] Plaintiff agreed to plead guilty to four of the charges and the remaining five charges would be dismissed. The trial court clarified that the four charges defendant would be pleading guilty to were (1) having an unsafe structure, unfit for occupancy, (2) having an unsafe exterior structure, (3) having improper interior surfaces and (4), improperly storing junk vehicles or vehicles that were inoperative or unregistered. In accepting his plea of guilty as to (4), the trial judge asked plaintiff:

> And the last one you're pleading guilty to is on July 3rd, back on July 3rd, of having improper storage of junk vehicles and inoperative and unregistered vehicles, correct?
>
> Plaintiff: Yes.

Both the prosecutor and defense counsel indicated satisfaction with the plea, including the establishment of a factual basis for the same.

In count I of his complaint, plaintiff asserted that defendants "caused 16 vehicles, including cars, trucks, two boats and a motorhome, to be taken" from his property without permission. Plaintiff further asserted that at least three of the vehicles had full coverage insurance on them, were running, and were wrongfully taken.

Notably, in his plea, it was not established how many junk or inoperable vehicles plaintiff had on his property.[2] The citation issued to him also did not specify how many vehicles were junk or inoperable. Plaintiff's plea, then, is consistent with his complaint. Plaintiff could very well have pled to having at least one junk vehicle on his property, yet still maintain that defendants wrongfully took one or more other vehicles that were not "junk." The record is simply not clear enough to make that determination. Where the record is unclear, it cannot be conclusively stated, then, that either res judicata or collateral estoppel bar plaintiff's claim that defendants wrongfully took one or more vehicles from his property. Whether defendants improperly seized even one vehicle that did not meet the definition of "junk" under the ordinance was not an issue that was or could have been resolved in plaintiff's criminal matter. Because plaintiff was charged with only one citation pertaining to many vehicles, even if only one of the

---

[1] In their brief, defendants state that plaintiff was issued three separate citations for various building code violations and that the third citation included "improper storage of junk vehicles/inoperative/unreg (blight)." Thus, it appears that only the third citation addressed the vehicles at issue and did so in one charge with respect to all vehicles.

[2] The trial court issued only one fine encompassing all four of the citations to which plaintiff pled guilty.

vehicles qualified as "junk" plaintiff's plea would have been supported. The trial court properly denied summary disposition based upon plaintiff's plea.

Moreover, though plaintiff may have pleaded guilty to a violation of the ordinance, the ordinance does not permit the seizure and impoundment of junk vehicles as punishment for the violation. Defendants point to Thetford Twp Ordinance No. 112 and appear to rely on it in support of the seizure and impoundment of plaintiff's vehicles. This ordinance provides, in part[3]:

> A police officer is hereby authorized to remove, or cause to be removed, a vehicle from a *road, street, public alley, public or private parking lot or highway or any other place open to travel by the public*, and impound the vehicle under the circumstances hereinafter enumerated . . . .
>
> * * *
>
> (13) When the Police Department determines that the vehicle is parked in violation of a Township ordinance.

There is nothing to suggest that the vehicles were parked anywhere other than on plaintiff's property. There is no allegation that they were on a "road, street, public alley, public or private parking lot or highway or any other place open to travel by the public." This provision does not support the removal of plaintiff's vehicles.

Defendants also assert that plaintiff is precluded from contesting whether he was required to pay all of the fees associated with the towing and storage of all of the seized vehicles because that issue was previously determined through a September 9, 2014 consent order issued by the district court. Plaintiff's allegations in his complaint concerning the fees charged for the release of his vehicles do not appear to pertain to defendants. [4] To the extent that plaintiff's claim of concert of action is construed as a challenge to the fees imposed, we review the consent order to determine if it precludes such a challenge. The consent order provides:

> 1. [Plaintiff] may obtain any & all vehicles removed from [plaintiff's] property at 9272 Lewis Road from Louie's Towing and Storage
>
> 2. [Plaintiff] will pay all fees associated therewith
>
> 3. [Plaintiff] will not return any vehicles to 9272 Lewis Rd Clio MI
>
> 4. [Plaintiff] has until Oct. 1, 2014, to decide which vehicles he wants

---

[3] None of the other circumstances enumerated in the ordinance applies to the circumstances presented in this case.

[4] Because Louie's is not a party to this appeal, any fees charged by Louie's are not considered on appeal.

-6-

5. After October 1, 2014, the remaining vehicles may be sold at auction with due notice.

First, defendants rely on Thetford Twp Ordinance No. 112 to support the imposition of a $150 release fee on each vehicle. If the vehicles had been impounded pursuant to and consistent with that Ordinance, that fee would be applicable. However, as indicated above, the Ordinance does not support the removal of plaintiff's vehicles.

Second, the consent order states that plaintiff may obtain the vehicles removed from Louie's and will pay "all fees associated therewith." This generic language does not determine the reasonableness of any fees, let alone specifically identify which fees are associated with his obtaining the vehicles from Louie's. It does not, for example, identify any fees imposed by defendants or mention defendants in the order. Thus, while the consent order may preclude relitigation of whether plaintiff was required to pay fees associated with him obtaining vehicles from Louie's, there is no indication that the amount of those fees has been litigated to a full and final judgment or that any fees defendants sought to be imposed were intended to be included in the order. On the incomplete and imprecise record, this Court cannot say that the trial court erred in denying defendants' motion for summary disposition based upon the existence of material questions of fact.

In Docket No. 331333, we remand to the trial court for consideration of defendants' motion for summary disposition based upon governmental immunity. In Docket No. 331631, we affirm the trial court's denial of defendants' motion for summary disposition. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-7-