*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRIST OIL COMPANY, QUALITY RENTALS OF
HOUGHTON, LLC, KEVIN KING, GREGG
NOMINELLI, DEBBIE AGUILAR, ALBERT
AGUILAR, PAUL KOVACIC, and ZBIGNIEW
BELL,

      Plaintiffs-Appellees,

v

SEMCO ENERGY, INC., doing business as SEMCO
ENERGY GAS COMPANY,

      Defendant/Cross-Plaintiff/Third-Party
      Plaintiff-Appellee,

and

MJO CONTRACTING, INC.,

      Defendant/Cross-Defendant-
      Appellant,

and

PORTAGE LAKE WATER & SEWAGE
AUTHORITY,

      Third-Party Defendant.

UNPUBLISHED
March 20, 2025
10:04 AM

No. 367243
Houghton Circuit Court
LC No. 23-18056-NZ

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

-1-

Defendant MJO Contracting, Inc. (MJO) appeals the trial court's denial of its motion for summary disposition under MCL 600.5839(1), the statute of repose for the construction industry. Because binding precedent entitled MJO to that protection, we reverse and remand for further proceedings not inconsistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

In 2008, the Portage Lake Water and Sewer Authority hired MJO to install a sewer line between the cities of Houghton and Hancock, which included the necessary excavation work. On March 13, 2022, there was an explosion in Houghton. Various injured parties allege that the explosion was caused by a leak in a gas line owned by SEMCO Energy Gas Company and that the leak resulted from MJO's negligence during the sewer line installation. Exactly one year after the explosion, plaintiffs sued MJO and SEMCO, alleging negligence on multiple grounds.

In its answer, MJO raised MCL 600.5839(1) as a defense and, concurrently, moved for summary disposition under MCR 2.116(C)(7), (8), and (10). On June 12, 2023, the circuit court denied MJO's motion, accepting plaintiffs' argument that their injuries were not caused by the sewer line that MJO installed but by the alleged damage to the gas line—a "secondary condition[] caused by the negligent construction or installation of the primary improvement to real property"—and thus, the statute did not apply. MJO sought leave for interlocutory review, which we granted.[1]

## II. ANALYSIS

Trial court rulings on motions for summary disposition are reviewed de novo, *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999), as are issues of statutory interpretation, *Ford Motor Co v Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). Although MJO nominally recited MCR 2.116(C)(7), (8), and (10) in its motion for summary disposition, its substantive arguments relied exclusively on (C)(7) to invoke the statute of repose in MCL 600.5839(1). See *Compagner v Burch*, 347 Mich App 190, 198; 14 NW3d 794 (2023) ("A motion for summary disposition made on the basis that a plaintiff's claim is time-barred by either a statute of limitations or statute of repose is properly brought under MCR 2.116(C)(7)."). "If no facts are in dispute, whether the claim is statutorily barred is a question for the court as a matter of law." *Harris v Allen Park*, 193 Mich App 103, 106; 483 NW2d 434 (1992).

MJO seeks to invoke what the Supreme Court has described as "the contractor statute of repose,"[2] MCL 600.5839(1), which provides:

> A person shall not maintain an action to recover damages for injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of an improvement to real property, or an action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the

---

[1] *Krist Oil Co v MJO Contracting, Inc*, unpublished per curiam order of the Court of Appeals, issued February 28, 2024 (Docket No. 367243).

[2] *Miller-Davis Co v Ahrens Constr, Inc*, 489 Mich 355, 358; 802 NW2d 33 (2011).

design or supervision of construction of the improvement, or against any contractor making the improvement, unless the action is commenced within either of the following periods:

(a) Six years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

(b) If the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer, 1 year after the defect is discovered or should have been discovered. However, an action to which this subdivision applies shall not be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

MJO contends that plaintiffs' allegations do not amount to gross negligence, so the six-year repose period under MCL 600.5839(1)(a) applies. Moreover, MJO submits that even if the allegations did amount to gross negligence, the 10-year repose period under MCL 600.5839(1)(b) would apply. The trial court, however, disagreed, concluding that the "improvement" in question was the sewer line, and because none of the plaintiffs allege an injury "arising out of the defective or unsafe condition of" the sewer line, the statute does not bar the claim.

That reasoning ignores our decision in *Abbott v John E. Green Co*, 233 Mich App 194; 592 NW2d 96 (1998). In *Abbott*, the defendants were "contractors who allegedly designed, manufactured, or installed asbestos-containing materials" in a Saginaw factory. *Id*. at 196. The plaintiffs claimed that the defendants were "liable for injuries . . . caused when the construction activity associated with the installation of the improvements resulted in asbestos fibers being released." *Id*. at 196-197. When the defendants moved for summary disposition under MCL 600.5839, the trial court denied it, reasoning "that injuries received from components to an improvement before they become part of the improvement are not subject to the statute of repose." *Id*. at 197. On appeal, the plaintiffs argued "that the statute applies only to the resulting improvement" and "does not apply to construction activities such as cutting and sawing asbestos pipe covering and mixing powdered asbestos cement in preparation for the incorporation of those materials into the improvement." *Id*. at 199. We rejected that argument:

[S]tatutes of repose, like statutes of limitation, are to be construed in a manner that advances the policy they are designed to promote. The purpose of the statute of repose is to protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for "defects in workmanship." The term "workmanship" encompasses not only the quality of the finished product, but the manner of construction as determined by the "art, skill, or technique of [the] workman." In this case, plaintiffs contend that the manner of construction was defective in that the components were cut and assembled on-site resulting in the release of asbestos. Plaintiffs thus challenge defendants' "workmanship," and it would be contrary to the purpose of the statute to allow this stale claim to proceed. Contractors would not enjoy the "repose" that the statute intends to guarantee if plaintiffs, barred from bringing claims arising out of the finished result of an

improvement, could nonetheless bring claims arising out of the construction practices employed in making the improvement. [*Id*. at 200-201 (cleaned up).]

*Abbott*'s reasoning was applied to a project similar to the one at issue here in *Citizens Ins Co v Scholz*, 268 Mich App 659; 709 NW2d 164 (2005). In *Citizens*, Zinger Sheet Metal hired F.C. Scholz as the construction manager for an addition to Zinger's building. Scholz, in turn, hired subcontractors to perform the work. They excavated below the foundation of the existing building for the addition, but while doing so, the wall of the existing building collapsed. The plaintiff insurer paid out on an insurance claim to Zinger and then sued Scholz and the subcontractors as subrogees. That suit was filed just shy of six years later. The defendants argued that the matter was time-barred by the general three-year limitations period for negligence actions, and the trial court agreed. On appeal, the plaintiff averred—at a time when MCL 600.5839 functioned as both a statute of limitations and a statute of repose[3]—that the six-year period applied to the claim. In concluding that the six-year period applied to the claim, this Court determined that the excavation work qualified as an "improvement" under the statute:

> Defendants' interpretation does not comport with our previous decisions, which consider the project as a whole and not as isolated components in determining whether the injury involves an improvement to real property. More importantly, decisions of this Court that have addressed the applicability of § 5839(1) to construction activities have, in effect, held that § 5839(1) applies regardless of whether the claim accrues during construction and is based on the contractor's workmanship rather than on the completed improvement. [*Id*. at 666.]

As a result, we rejected the defendant's argument that "the act of excavating is not a 'defective and unsafe condition' nor does it constitute an 'improvement' to real property"; rather, "[b]ecause the excavation was an integral part of the construction of the building addition, we hold that it was an improvement to real property." *Id*. at 671.

That reasoning is equally applicable here. This Court has held that an "improvement" for purposes of the statute is a "permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Pendzsu v Beazer East, Inc*, 219 Mich App 405, 410-411; 557 NW2d 127 (1996) (citation omitted). The sewer line at issue enhanced the value and utility of the properties it served and was intended to be permanent. In light of *Abbott* and *Citizens Ins Co*, both the physical object *and* the labor expended in its construction constitute the "improvement" under MCL 600.5839(1). Therefore, any action "arising out of the defective or unsafe condition of" the work performed to install the sewer line

---

[3] At the time, MCL 600.5805(14) provided that "[t]he period of limitations for an action against a state licensed architect, professional engineer, . . . or contractor based on an improvement to real property shall be as provided in section 5839." After the Supreme Court's decision in *Ostroth v Warren Regency, GP*, 474 Mich 36; 709 NW2d 589 (2006), the Legislature amended MCL 600.5805, which now provides that "[t]he periods of limitations under this section are subject to any applicable period of repose established in section . . . 5839."

had to be brought within either six or 10 years of 2008. This suit, brought in 2023, falls well outside the statutory period of repose.

Plaintiffs contend that the caselaw interpreting the statute is distinguishable because, in those cases, "the component involved in the improvement was in fact an integral part of the contracted for improvement." Here, by contrast, "[t]he sewer line and gas line are two distinct utility lines and one has nothing to do with the other." However, the *trench* in which the sewer line is buried is integral to its function. Plaintiffs allege that, in digging that trench and installing the sewer line, MJO damaged the gas line in a manner that ultimately led to the 2022 explosion. That theory of causation falls squarely within the framework established in *Abbott* and *Citizens Ins Co*. They further contend "that a claim cannot be considered stale when there was never any notice of a potential claim." However, a statute of repose operates independently of notice, aiming solely to provide finality by barring claims regardless of when the injury is discovered.

SEMCO offers a variety of alternative bases on which the trial court's decision could be affirmed. We find its arguments unpersuasive. It points to MCL 600.5855 and contends that MJO fraudulently concealed evidence of its negligence, which it believes should invoke tolling under that statute. But MCL 600.5855 provides that in the event of fraudulent concealment, an action may be commenced within two years "after the person who is entitled to bring the action discovers . . . the existence of the claim . . . , although the action would otherwise be barred by the period of limitations." Because its plain text applies only to statutes of limitation, not statutes of repose such as MCL 600.5839(1), we conclude it does not apply. SEMCO also argues that MJO should be equitably estopped from raising MCL 600.5839(1) as a defense under *Lothian v Detroit*, 414 Mich 160, 176-177; 324 NW2d 9 (1982). However, the trial court did not decide MJO's motion on this basis, and in light of the fact-intensive nature of the inquiry, we decline to do so in the first instance on appeal.

Accordingly, we reverse the trial court's decision and remand for further proceedings not inconsistent with this opinion. Defendant-appellant MJO, having prevailed in full, may tax costs as the prevailing party pursuant to MCR 7.219.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman